PEOPLE ex rel. EDGAR WEAVER, Relator; *v.* WILLIAM GORHAM RICE, JOHN C. CLARK and MRS. CHARLES BENNETT SMITH, Constituting the State Civil Service Commission.

(Supreme Court, Kings Special Term for Motions, March, 1920.)

Civil Service Law — when motion to compel certification of payroll denied — when applicant for the position of "official examiner of title" must pass the civil service examination — statutes — Real Property Law, § 377.

The position of "official examiner of title" is not in either "the exempt class, the non-competitive class or the labor class," under the Civil Service Law.

Section 377 of the Real Property Law, which authorizes the register of any county to appoint as official examiners of title those who shall qualify under the Civil Service Law and such rules as may be adopted by the Court of Appeals but which makes no provision for the competitive examination required by the Civil Service Law, did not repeal section 14 of that statute and an applicant for such position must pass both the competitive examination and that prescribed by the Court of Appeals.

Relator having under the rules promulgated by the Court of Appeals passed the examination prescribed by the board of law

examiners was duly certified by said board and the county clerk of Queens county, who is *ex officio* the register, appointed him to the position of official examiner of title, but the civil service commission refused to certify the payroll containing his name upon the sole ground that he had not passed the civil service examination. *Held*, that his motion to compel certification of said payroll must be denied.

Motion to compel certification of payroll by civil service commission.

Edgar Weaver, in person.

Robert P. Beyer, deputy attorney-general, for State Civil Service Commission.

Henry Winthrop Hardon, for Civil Service Reform Association.

Walter Fairchild, for the Torrens Law League.

Callaghan, J. The legislature has the power to prescribe the method by which examinations for positions in the civil service shall be conducted. The Constitution provides that appointments for such positions shall be made according to " merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive.'' The legislature has provided (Civil Service Law, § 14) that: " The competitive class shall include all positions for which it is practicable to determine the merit and fitness  *  *  *  by competitive examination, and shall include all positions  *  *  *  hereafter created, of whatever functions, designations or compensation  *  *  *  except such positions as are in the exempt class, the non-competitive class or the labor class.''

The position of official examiners of title is not in either of the excepted classes, and the affidavits in opposition to this motion show that it is not impracticable to hold an examination for the position in question. By section 377 of the Real Property Law provision is made for the appointment of official examiners of title. It provides in part that the register in any county is authorized to appoint one or more official examiners of title who " shall be qualified in accordance with the provisions of law and such rules as may be adopted by the court of appeals." Subsequent to the enactment of this provision the Court of Appeals on July 12, 1918, promulgated rules relating to applications for appointment to the position in question and provided that the qualifications of such applicants should be determined by an examination to be held by the state board of law examiners, who were given power to certify to the register of the county those who were found competent. Section 377 of the Real Property Law did not repeal section 14 of the Civil Service Law. The relator here passed the examination prescribed by the board of law examiners. He was thereafter duly certified by that board, and the county clerk of Queens county, who is *ex officio* the register, has appointed him to the position in question. The civil service commission refuses to certify to the comptroller the payroll containing the name of the relator upon the sole ground that he has not passed the competitive examination provided for by the Civil Service Law. It is urged by the relator that the legislature intended, by section 377 of the Real Property Law, to substitute the examination prescribed by the Court of Appeals for the examination provided for in the Civil Service Law. It seems to me that by enacting section 377 of the Real Property Law the legislature intended to

throw an additional safeguard around the position in question, so that the duties performed by him, which affect the title to real estate and which are of vital interest to the state, should be performed by one whose competency and fitness is beyond question. The lawmakers were careful to provide that the appointment was to be made of one qualified in accordance with the provisions of law and such rules as the Court of Appeals might prescribe. The "provisions of law" therein referred to undoubtedly mean the provisions of the Civil Service Law. It is the purpose of the Constitution (Art. V, § 9) to secure those who were best qualified by merit and fitness for positions of this and like character. The best method for securing the best qualified for positions in the public service is by competitive examination. Section 377 of the Real Property Law makes no provision for the competitive examination which is required by the Constitution whenever such examination is practicable. The question of the relator's fitness for the position in question is not to be determined in this proceeding. The law prescribes the method of determining the qualifications of all applicants, and it seems to me that it was the intention of the legislature that an applicant for this position should pass the examination prescribed by the Court of Appeals as well as the competitive examination prescribed by the Civil Service Law.

Motion denied.